IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DAVID GORDON OPPENHEIMER, | : | |
| Plaintiff, | : | CA No. 1:23-CV-20507-DPG |
| v. | : | |
| ALAN DAVID PALANGE, OCEAN GRANDE REALTY, LLC, And ADP REALTY, INC. | : : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT BASED UPON THE STATUTE OF LIMITATIONS FOR ALLEGED COPYRIGHT INFRINGEMENT AND MEMORANDUM OF LAW**

Defendants, by and through their Attorney, Henry N. Portner, Attorney Advocates of America, PLLC hereby brings this Motion to Dismiss under 17 U.S.C. § 507 (b) and states as follows:

**FACTUAL BACKGROUND:**

Briefly stated, Plaintiff filed an original complaint for copyright infringement dated February 08, 2023, against the Defendants ("**Complaint**"). In its Complaint, Plaintiff alleged that the Defendants infringed his copyrights by copying, distributing, and/or displaying his protected work of aerial photographs in order to advertise and market their real estate business.

Plaintiff does not have a valid cause of action as the original image in question was downloaded on December 20, 2019 and therefore allegedly known to be published of even date, and is now clearly beyond the Statute of Limitations. There exists nowhere in the four corners of the Complaint any averment that the alleged publication was republished.

**Legal Memorandum:**

1

**A.** <u>The Statute of Limitations for Copyright Infringement has expired.</u>

In its Complaint, Plaintiff himself acknowledges that the copyright infringement occurred in December 2019 (See, Paragraph 12 of the Complaint, "Upload-2019/12…") Plaintiff is filing the Complaint against Defendants after the statute of limitations has passed. "*The statute of limitations for a copyright-infringement claim is three years. **17 U.S.C. 507(b)** ("No civil action [for copyright infringement] shall be maintained under the provisions of this title . . . unless it is commenced within three years after the claim accrued."); **Kregos v. Associated Press, 3 F.3d at 661** (stating that a copyright action "must be commenced within three years after the claim accrued")*" See also **Rosner v. Codata Corp.**, **917 F. Supp. 1009, 1017**. Therefore, Plaintiff is now barred from bringing a claim of alleged copyright infringement against Defendants.

**B.** <u>The claim against Defendant, Alan David Palange seeks to pierce the corporate vail without substantiation or merit.</u>

In its Complaint, Plaintiff has personally held each Defendant liable, including Alan Palange, who is merely a manager or officer of the named remaining Defendants.  According to the basic principle of corporate law, a director/manager of a corporation cannot be held personally liable for the acts of a corporation. Reliance is placed on **Gajo v. Brand**, **2017 U.S. Dist. LEXIS 88404, *13** in which the court held that in order for the complainant "*to have viable claims of trademark or copyright infringement against the individual defendants, then he must plead, in his amended complaint, <u>factual allegations</u> specifically establishing either alter ego liability or <u>direct participation</u> in the infringement by the individual defendants. His current allegations are not sufficiently clear.*" [Emphasis Added] Hence, the burden of proof is with the Plaintiff to substantiate his allegation with sufficient clear factual allegations of direct

2

participation of Alan Palange in copyright infringement of which proof and pleadings is completely absent in the Complaint. In summary, Defendant Alan Palange is only a manager of officers of the remaining Defendants and therefore, no direct claim can be held against him. The complaint is devoid of any language to the contrary.

**C. NO SERVICE OF THE SUMMONS OR COMPLAINT HAS BEEN MADE UPON DEFENDANT, ALAN PALANGE.**

Service to date has not been effected upon the Defendant, Alan Palange, He is out of the county. He so notified the Plaintiff through counsel that he would accept service if effectuated through email. To date, no such service has been effectuated.

**PRAYER FOR RELIEF:**

**WHEREFORE, DEFENDANTS REQUEST THAT THIS HONORABLE COURT DISMISS THE COMPLAINT OF THE PLAINTIFF AND AWARD THE DEFENDANTS COSTS AND COUNSEL FEES.**

                                                Respectfully Submitted By:

/s/ Henry N. Portner
Henry N. Portner
Florida Bar No. 883050
4300 Biscayne Blvd, Suite 203
Miami, Florida 33137
(800) 620-6974 portnerlaw@gmail.com
*Counsel for Defendants*

**Date: March 14, 2023**