UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20507-GAYLES/TORRES

**DAVID GORDON OPPENHEIMER,**

    Plaintiff,

v.

**ALAN DAVID PALANGE,
OCEAN GRANDE REALTY, LLC, and
ADP REALTY, INC.,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss the Plaintiff's Complaint Based Upon the Statute of Limitations for Alleged Copyright Infringement and Memorandum of Law (the "Motion"). [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**.

### BACKGROUND[1]

Plaintiff David Gordon Oppenheimer is a professional photographer who makes his photographic works available for print sales and licensing on his website and for print sales on Fine Art America's websites. [ECF No. 1 ¶ 8]. Defendant Alan David Palange ("Palange") is the

---

[1] As the Court is proceeding on a Motion to Dismiss, it takes Plaintiff's allegations in the Complaint, [ECF No. 1], as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Moreover, the Court may properly consider the exhibits attached to the Complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." (citation omitted)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

1

"founder, president, director, manager, and/or another genre of principal" of two real estate businesses: Defendant Ocean Grande Realty, LLC ("Ocean Grande") and Defendant ADP Realty, Inc. ("ADP"). *Id.* ¶ 26. Plaintiff alleges that Defendants used one of Plaintiff's aerial photographs (the "Work") without permission to advertise the sale of "Ocean Two" condominiums in Miami, Florida. *Id* ¶ 13.

On April 15, 2019, Plaintiff registered the Work with the U.S. Copyright Office. [ECF No. 1-2]. Plaintiff alleges that his custom and business practice is to display the copyright management information on his copyright-registered photographs when he first publishes them. [ECF No. 1 ¶ 11]. On the Fine Art America websites, the Work has a Fine Art America watermark on its face. *Id.* Plaintiff's notice of copyright is provided in an adjacent caption. *Id.* When downloading the Work, Plaintiff's name is included in the filename. *Id.*

Fewer than three years before filing this action, Plaintiff discovered that Defendants published the Work online without Plaintiff's permission and used it to advertise and market the sale of Ocean Two condominiums. *Id.* ¶ 12. The Complaint lists five website addresses that are purported examples of Defendants' acts of infringement:

[1] https://oceantwosunnyislesbeach.com/idx/listings/closed-sales/;
[2] https://oceantwosunnyislesbeach.com/wp-content/uploads/2020/04/ocean-Two-1.jpg;
[3] https://oceantwosunnyislesbeach.com/wp-content/uploads/2020/04/ocean-Two-1-1150x150.jpg;
[4] https://adprealty.com/idx/listings/ocean-two-sunny-isles-beach/; and
[5] https://i2.wp.com/adprealty.com/wp-content/uploads/2019/12/ocean-Two1.jpg?resize=431%2C457&ssl=1.

*Id.* Attached to the Complaint are images of the Work (with the Fine Art America watermark) displayed on Defendants' websites. [ECF No. 1-3]. Images two and three are dated "2/12/2020," and images four through nine are dated "5/31/2020." *Id.* On March 11, 2022, Plaintiff's attorney sent Defendants a letter identifying the infringing websites and demanding that Defendants stop

2

using the Work. [ECF No. 1-4]. The letter claims that Defendants began using the Work without permission as early as December 11, 2019. *Id.* at 4. Plaintiffs allege that Defendants did not stop using the Work without permission.

On February 8, 2023, Plaintiff filed a four-count Complaint against Defendants, alleging non-willful copyright infringement against all Defendants (Count I), reckless/willful copyright infringement against all Defendants (Count II), vicarious copyright infringement against Palange (Count III), and contributory copyright infringement against Palange (Count IV). [ECF No. 1]. Defendants now move to dismiss the Complaint, arguing that Plaintiff's claims are time-barred and that Palange cannot be held personally liable for Ocean Grande and ADP's acts of infringement. [ECF No. 6].

## **LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The pleadings are construed broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). On a motion to dismiss, the court need not determine whether the plaintiff "will ultimately prevail . . . but whether [its] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

"Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss . . . . However, if facts on the

face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach*, 76 So. 3d 324, 326 (Fla. 3d DCA 2011)); *see also Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (internal quotation marks and citation omitted).

## DISCUSSION

I.   **Statute of Limitations for Copyright Infringement Actions**

Under the Copyright Act, a plaintiff must commence a copyright infringement action within three (3) years after the "claim accrued." 17 U.S.C. § 507(b). When a claim accrues depends on the nature of the copyright claim. *See Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (2020). For copyright infringement claims, each new infringing act causes a new claim to accrue (the "injury rule"). *Id.* In contrast, copyright ownership claims accrue "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights" (the "discovery rule"). *Id.* The discovery rule applies when the "gravamen" of a copyright claim is ownership, which is the case "if ownership of the copyright is the only disputed issue." *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *cert. granted in part sub nom. Warner Chappell Music v. Sherman Nealy*, No. 22-1078, 2023 WL 6319656 (U.S. Sept. 29, 2023). The Eleventh Circuit has explicitly held that "unlike an ordinary copyright infringement claim, which accrues for each infringing act, a claim concerning mainly ownership accrues only once." *Webster*, 955 F.3d at 1276.

The injury rule applies here because copyright infringement is the "gravamen" of Plaintiff's claims. Moreover, Plaintiff can only assert copyright infringement claims for acts of

infringement that accrued after February 8, 2020, which is three years before Plaintiff filed this action. Plaintiff claims that he discovered Defendants' acts of infringement fewer than three years before filing this action. In support, the Complaint includes website addresses identifying alleged acts of infringement. While the Complaint does not allege *when* the websites were published, the website addresses provide possible dates for the acts of infringement. For example, the Complaint lists the following website address: https://oceantwosunnyislesbeach.com/wp-content/uploads/2020/04/ocean-Two-1.jpg. [ECF No. 1 ¶ 12] (emphasis added). In that example, the Court can reasonably infer that an infringing act occurred in April 2020, which falls within the statute of limitations. Therefore, it is not apparent from the face of the Complaint that Plaintiff's copyright infringement claims are time-barred. However, any claims based on acts of infringement that occurred before February 8, 2020, would be time-barred.

## II.     Vicarious Copyright Infringement[2]

It is well established that a corporate officer *can* be held personally liable for a corporation's infringing activity. *Southern Bell Tel. and Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985). Indeed, the Eleventh Circuit has recognized two tests to determine the personal liability of corporate officers. *Playboy Enters., Inc. v. Starware Pub. Corp.*, 900 F. Supp. 438, 440–41 (S.D. Fla. 1995). Under the personal involvement test, a corporate officer can be held liable for copyright infringement "based on his personal involvement

---

[2] In one sentence in his response to the Motion, Plaintiff argues that "the Complaint asserts Counts of *secondary* liability against Defendant Palange individually." [ECF No. 10 at 3] (emphasis added). However, the remainder of Plaintiff's response argues that Palange is *personally* or *directly* liable. *Id.* at 3–6. Similarly, the Complaint explicitly alleges that Palange is *personally* liable. [ECF No. 1 ¶¶ 27, 31]. Therefore, the Court considers Plaintiff's vicarious and contributory copyright infringement claims against Palange under a theory of *direct* liability. In any event, Plaintiff cannot bring claims under a theory of secondary liability against Palange. Secondary liability applies when a defendant is held responsible for a *third party's* acts of infringement, even though the defendant did not engage in direct infringement themselves. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984). Because any actions undertaken by Palange would be directly imputed to Ocean Grande and ADP, and a corporation only acts through its officers, employees, or agents, Ocean Grande and ADP cannot be a "third party direct infringer." Thus, the Complaint cannot state a cause of action for secondary liability. *43 N. Broadway LLC v. Essential Media Grp. LLC*, No. 17-24518-CIV, 2018 WL 2864014, at *3 (S.D. Fla. June 11, 2018).

and participation in the infringing activity." *Id.* at 441. Under the vicarious liability test, a corporate officer is liable if he (1) "had the ability to supervise the infringing activity" and (2) "had a financial interest in that activity." *Id.* To successfully allege a direct financial interest, the plaintiff must allege that the defendant profited directly from the infringing activity. *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1282 (S.D. Fla. 2012); *see BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007).

Plaintiff's vicarious copyright infringement claim does not sufficiently allege vicarious liability. Although Palange had the ability to supervise the infringing activity, the Complaint does not allege that Palange *directly* profited from the infringements. Similarly, the claim does not pass the personal involvement test because the Complaint does not sufficiently allege that Palange personally copied, distributed, displayed, and/or uploaded the Work onto the internet. *But cf. Playboy Enters., Inc.*, 900 F. Supp. at 441–42 (finding a corporate officer personally involved in the infringing activity by authorizing the sale, advertisement, and production of copyrighted images). The Court cannot infer that Palange was personally liable based on the general allegations that he made most of Ocean Grande and ADP's decisions and was their dominant influence. Accordingly, Plaintiff's vicarious copyright infringement claim (Count III) must be dismissed.

### III.  Contributory Copyright Infringement

Contributory copyright infringement refers to the intentional inducement, causation, or material contribution to another's infringing conduct. *BUC Int'l Corp.*, 489 F.3d at 1138. "Corporate officers cannot be liable for inducing, causing, or materially contributing to the infringing conduct of their **own** company." *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2020 WL 7865415, at *2 (S.D. Fla. Nov. 4, 2020) (collecting cases). Accordingly, Palange, a corporate officer, cannot be held liable for Ocean Grande and ADP's infringements. Therefore, Plaintiff's contributory infringement claim (Count IV) must also be dismissed.

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [ECF No. 6] is **GRANTED in part** and **DENIED in part**.

1. As to Counts I and II, Plaintiff's claims that accrued before February 8, 2020, are **DISMISSED**. The Motion is otherwise **DENIED** as to these counts.

2. The Motion is **GRANTED** as to Counts III and IV. Counts III and IV are **DISMISSED without prejudice**.

3. Plaintiff may request leave to file an amended complaint on or before **January 12, 2024**. Failure to do so will result in the Court dismissing Counts III and IV with prejudice.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of December, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

---

[3] If Plaintiff wishes to amend the Complaint, he must request leave to file an amended complaint in a properly filed motion before the Court. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (citation omitted)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Federal Rule of Civil Procedure 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment").